UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION
CASE NUMBER: 07-416-JMH

Eastern District of Kentucky
FILED
DEC 11 2007
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

Rick Davenport,            Plaintiff,
106 Ilhardt Ave.
Nicholasville, Kentucky 40356

Vs

Credit Bureau Systems INC.,     Defendant,
2541 Sir Barton Way
Lexington, Kentucky 40509-2292,

## COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, THE FAIR DEBT COLLECTION PRACTICES ACT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, and INJUNCTIVE RELIEF

COMES NOW, the PLAINTIFF, Rick Davenport, pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, Credit Bureau Systems, Inc., (hereafter "CA"), and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA.")) An actual controversy exists between the parties, in that the challenged actions of the DEFENDANT has caused and will continue to cause the PLAINTIFF substantial harm unless the requested relief is granted.

JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k (d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201.

2. Venue is proper, because many of the relevant events occurred within Fayette and Jessamine Counties in the State of Kentucky, which are located within this District.

3. Plaintiff's Federal claims against the Defendant derive from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding.

4. This is an action brought by a consumer for violations of the above named Acts in connection with three purported debts appearing on Plaintiff's consumer reports, the

defendants' collection tactics in attempting to collect it, and the defendants' intentional reporting of inaccuracies regarding it, despite written correspondence and documented telephone conversations providing information that would facilitate a reasonable resolution of the matter. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

PARTIES

5. The Plaintiff is a natural person residing within Jessamine County, in Kentucky.

6. Credit Bureau Systems, Inc. is a business that is uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another.

7. All Defendants are considered a "person", under Kentucky statutes.

FACTS

8. Plaintiff contacted Credit Bureau Systems on August 30, 2007. Contact was by phone at 12:23 PM. (Exhibit A)
9. Plaintiff's call was transferred to a Credit Bureau Systems' employee named Francis. Plaintiff identified himself and the three collection accounts Plaintiff was calling about. Francis located Plaintiff's file and informed Plaintiff of a fourth account they had just received, but had not been reported to the Credit Reporting Agencies yet. Plaintiff requested CA's fax number for the purpose of sending a settlement offer to the CA. Plaintiff also informed Francis he would investigate the fourth account and get back to her on it. Francis verified Plaintiff's address and phone number.
10. On August 30, 2007 at 1:35 PM Plaintiff faxed a settlement offer to the CA. (Exhibit B)
11. Included with this settlement offer was a paragraph where Plaintiff disputed Account #2170160000549107 (Account #1) and Account #6010160000615617 (Account #2) as being already paid in 2002. (Exhibit B)
12. Included with this settlement offer was Plaintiff's current address and phone number. (Exhibit B)
13. Included with this settlement offer was permission for the CA to contact Plaintiff by fax. Fax number was provided for CA's use. (Exhibit B)
14. On August 31, 2007 at 8:03 AM Plaintiff faxed a new settlement offer to the CA. (Exhibit C)
15. Included with this new settlement offer was permission for the CA to contact Plaintiff by fax. Fax number was provided for CA's use. (Exhibit C)
16. Plaintiff contacted CA on August 31, 2007. Contact was by phone at 9:00 AM. (Exhibit D)
17. Plaintiff's call was transferred to a CA employee named Francis. Plaintiff identified himself and asked if CA had received the dispute and the revised settlement offer. Francis stated that CA had received the information and it was being reviewed. Plaintiff set up payment for the fourth account (Account #4). Francis verified Plaintiff's address and phone number. Plaintiff verified that CA had the fax number.
18. Plaintiff disputed Accounts 1 and 2 with the Credit Reporting Agencies on September 1, 2007.
19. CA processed payment of Account #4 on September 4, 2007. (Exhibit E)
20. CA updated Credit Reports for Account #1 on September 4, 2007 with negative information that "Creditor cannot locate individual." (Exhibit E)

21. CA did not update Credit report for Account #1 that the item was disputed by Plaintiff. (Exhibit E)
22. CA updated Credit Reports for Account #2 on September 4, 2007 with negative information that "Creditor cannot locate individual." (Exhibit F)
23. CA did not update Credit report for Account #2 that the item was disputed by Plaintiff. (Exhibit F)
24. CA updated Credit Reports for Account #80706600017716763 (Account #3) on September 4, 2007 with negative information that "Creditor cannot locate individual." (Exhibit F)
25. Plaintiff contacted CA on or about September 12, 2007. Contact was by phone.
26. Plaintiff's call was transferred to a CA employee named Francis. Plaintiff identified himself and asked if CA had finished reviewing the disputes and the settlement offer. Francis stated that CA was still investigating the disputes and reviewing the settlement offer and she would call Plaintiff. Plaintiff told Francis that the best way to contact Plaintiff was by mail or fax. The fax was a private fax and she could send any information that way. Francis verified Plaintiff's address, phone number and fax number.
27. CA updated Credit Reports for Account #1 on September 14, 2007 with negative information that "Creditor cannot locate individual." (Exhibit G)
28. CA verified all information was correct in response to dispute filed with the Credit Reporting Agencies for Account #1. CA failed to report that the item was disputed by Plaintiff. (Exhibit H)
29. CA updated Credit Reports for Account #2 on September 14, 2007 with negative information that "Creditor cannot locate individual." (Exhibit G)
30. CA verified all information was correct in response to dispute filed with the Credit Reporting Agencies for Account #2. CA failed to report that the item was disputed by Plaintiff. (Exhibit H)
31. CA updated Credit Reports for Account #1 on October 3, 2007 with negative information that "Creditor cannot locate individual." (Exhibit G)
32. CA updated Credit Reports for Account #2 on October 3, 2007 with negative information that "Creditor cannot locate individual." (Exhibit G)
33. CA updated Credit Reports for Account #3 on October 3, 2007 with negative information that "Creditor cannot locate individual." (Exhibit G)
34. CA updated Credit Reports for Account #1 on November 2, 2007 with negative information that "Creditor cannot locate individual." (Exhibit G)
35. CA updated Credit Reports for Account #2 on November 2, 2007 with negative information that "Creditor cannot locate individual." (Exhibit G)
36. CA updated Credit Reports for Account #3 on November 2, 2007 with negative information that "Creditor cannot locate individual." (Exhibit G)
37. CA removed Account #1 from Plaintiff's Credit Reports on or about November 10, 2007.
38. Plaintiff notified CA on November 28, 2007 of Plaintiff's intent to file complaint. Plaintiff offered a settlement to CA to resolve the issues prior to filing complaint. (Exhibit K)
39. CA removed Account #2 from Plaintiff's Credit Reports on or about December 3, 2007.
40. CA updated Credit Reports for Account #3 on December 3. 2007, with information that Plaintiff has disputed this account. The negative information that "Creditor cannot locate individual" was left on the report.
41. CA sent debt verification documents, for all three accounts, to Plaintiff, in response to Plaintiff's settlement of complaint offer. (Exhibit L)
42. To date CA has continued to report "Creditor cannot locate individual", and

failed to mark the two disputed accounts as disputed prior to removing them from the credit reports.

## COUNT 1- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

43. The allegations of paragraphs 1 through 42 of this Complaint are realleged and incorporated by reference.
44. Credit Bureau Systems INC., regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.
45. The Fair Credit Reporting Act (15 U.S.C. § 1681 et. seq.) provides guidelines for the furnishers of information to consumer reporting agencies. A full text of the Fair Credit Reporting Act is attached. (Exhibit I)
46. Defendant's reporting that they are unable to locate Plaintiff, when documented evidence conclusively proves otherwise, is a direct violation of FCRA §623.

> § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]
>
> (a) Duty of furnishers of information to provide accurate information.
>
> (1) Prohibition.
>
> (A) Reporting information with actual knowledge of errors. A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

47. The Defendant's willful, wanton, intentional, and malicious reporting, as documented, clearly shows willful noncompliance with the FCRA.

## COUNT 2- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

48. The allegations of paragraphs 1 through 45 of this Complaint are realleged and incorporated by reference.
49. Defendant's failure to report that, the consumer disputes information being provided to a Credit Reporting Agency, is a direct violation of FCRA §623.

> § 623. Responsibilities of furnishers of information to consumer reporting agencies [15 U.S.C. § 1681s-2]
>
> (a) Duty of furnishers of information to provide accurate information.
>
> (3) Duty to provide notice of dispute. If the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

50. The Defendant's willful, wanton, intentional, and malicious lack of reporting, as documented, when taken in conjunction with Count 1, clearly shows willful noncompliance with the FCRA.

### COUNT 3- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

51. The allegations of paragraphs 1 through 42 of this Complaint are realleged and incorporated by reference.
52. The Fair Debt Collection Practices Act (15 U.S.C. § 1692 et. seq.) provides safeguards against abuse of consumers by debt collectors in their quest to collect debts. As such, the FDCPA provides little or no leeway for defending the abusive tactics of debt collectors. A full text of the Fair Debt Collection Practices Act is attached. (Exhibit J)
53. The defendant, Credit Bureau Systems Inc., is a debt collector, as defined by 15 U.S.C. § 1692a (6).
54. Defendant communicated information that they knew was false, or should have known was false. This is a direct violation of FDCPA § 807.

> § 807. False or misleading representations. [15 USC 1962e]
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > 8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

### COUNT 4- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

55. The allegations of paragraphs 1 through 42 and 52 of this Complaint are realleged and incorporated by reference.
56. The defendant, Credit Bureau Systems Inc., is a debt collector, as defined by 15 U.S.C. § 1692a (6).
57. Defendant communicated credit information that was disputed and did not identify such information as disputed. This is a direct violation of FDCPA § 807.

> § 807. False or misleading representations. [15 USC 1962e]
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > 8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

## COUNT 5- INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

58. The allegations of paragraphs 1 through 42 of this Complaint are realleged and incorporated by reference.
59. The Defendants intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass and mislead the Plaintiff.
60. The Defendants attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

## CONCLUSIONS AND REQUESTED RELIEF

61. Because of the Defendant's blatant disregard for the Plaintiff's rights, as allowed by the FCRA and the FDCPA, has been wrongfully denied credit. In addition, Plaintiff had had a significant amount of stress and undue mental anguish placed upon him by the Defendant as a result of Defendant's willful, wanton, intentional, and malicious behaviors in attempting to collect from the Plaintiff.
62. The actions on the part of the Defendant demonstrate not only a willful disregard for Federal Law, but constitute a blatant attempt to injure or ruin the credit rating of the Plaintiff. Defendant has demonstrated an inability or unwillingness to operate its business in accordance with Federal Laws, and instead resorts to illegal tactics to collect from the Plaintiff.
63. Defendant's liability for willful noncompliance of the FCRA is actual damages or a maximum liability of $1,000 per violation, plus punitive damages, and reasonable costs and attorney fees. This is provided by FCRA §616 (Civil Liability [15 U.S.C. § 1681n]).
64. Defendant's maximum liability for violations of the FDCPA is $1,000 per action, as provided for by FDCPA §813 (Civil Liability [15 U.S.C. § 1692k]).

WHEREFORE, the Plaintiff respectfully requests relief as follows:

65. For preliminary and permanent injunctive relief, enjoining the named Defendant from engaging in further violations of the Fair Credit Reporting Act and The Fair Debt Collection Practices Act.
66. For preliminary and permanent injunctive relief, enjoining the named Defendant from: Selling, transferring, reporting, or otherwise assigning the above named accounts to any other collection agency, debt collector, reseller or Credit Reporting Agency.
67. For an order awarding statutory damages in the following amounts:

   1. For Count 1: Eleven (11) violations of the Fair Credit Reporting Act, in the amount of $11,000.
   2. For Count 2: Two (2) violations of the Fair Credit Reporting Act, in the amount of $2,000.
   3. For Count 3: Eleven (11) violations of the FDCPA, in the amount of 1,000.
   4. For Count 4: Two (2) violations of the FDCPA, in the amount of 1,000.

68. For an order awarding actual damages, the amount of which cannot be fully determined but can be reasonably be expected to total a sum of $2,000.
69. For an order awarding court costs, as incurred herein.
70. For an order awarding Compensatory damages in an amount to be determined by the Court.
71. For an order awarding Punitive damages in an amount to be determined by the Court.
72. For an order awarding any other damages and relief the Court may find fair and just.

Respectively Submitted,

Plaintiff, Rick Davenport

By: _____
    Plaintiff

12/11/07
Date

Rick Davenport
106 Ilhardt Ave.
Nicholasville, Ky
    40356
Home: 859-887-9972
Daytime: 859-509-5948
Email: davenportrdb@Alltel.net